James Weiler, AZ Bar No. 034371
Michael Zoldan; AZ Bar No. 028128
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
JWeiler@zoldangroup.com
MZoldan@zoldangroup.com
JMiller@zoldangroup.com

Attorneys for Plaintiff
Saquitta Hilliard

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Saquitta Hilliard**, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>**Cox Communications Arizona, LLC**, a Delaware Limited Liability Corporation; and **Cox Communications, Inc.**, a Delaware Corporation,<br><br>Defendant. | Case No.<br><br><br>**COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Saquitta Hilliard ("**Plaintiff**"), for her Complaint against Defendants Cox Communications Arizona, Inc. and Cox Communications, Inc. ("**Defendants**") hereby alleges as follows:

## PARTIES

1. Plaintiff is, and at all times relevant hereto was, a resident of Maricopa County, Arizona.

2. Upon information and belief, Defendant Cox Communications Arizona, LLC

is a Delaware limited liability corporation, which is registered to conduct business and is currently doing business in the State of Arizona.

3. Upon information and belief, Defendant Cox Communications, Inc. is a Delaware corporation, which is registered to conduct business and is currently doing business in the State of Arizona.

## JURISDICTION AND VENUE

4. All acts complained herein occurred in Maricopa County, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant to the Americans with Disabilities Act and the ADA Amendments Act (collectively referred to as "**ADA**"), 42 U.S.C. 12101, *et seq*. and the Family and Medical Leave Act, 29 U.S.C.A. § 2601, *et. seq.* ("**FMLA**").

5. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 in that the claims set forth in this Verified Complaint arise under federal law.

6. Plaintiff's state law claims under the Arizona Civil Rights Act, A.R.S. §41-1461 *et seq*. ("ACRA") are sufficiently related to her federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

8. Plaintiff was, at all relevant times, an employee of Defendant within the meaning of the ADA, the FMLA, and the ACRA.

9. At all relevant times, Defendant has continuously been an employer within the meaning of the ADA, the FMLA, and the ACRA.

10. Plaintiff has exhausted all administrative and statutory prerequisites necessary to commence this action, and therefore jurisdiction is proper.

11. Personal jurisdiction in this Court is proper.

12. Venue in this Court is proper.

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was an employee of Defendants.

14. At all times relevant, Plaintiff held the title of retention specialist.

15. Plaintiff was qualified to perform the essential functions of her position.

16. At all times relevant, Plaintiff performed at or above a satisfactory level and consistently qualified for Defendants' "Winner's Circle" employee honor.

17. At all times relevant, Plaintiff had a disability that substantially limits a major life activity.

18. In March of 2017, Plaintiff's disability began to manifest itself in the form of panic attacks while she was at work.

19. In April of 2017, Plaintiff's treating physician ordered Plaintiff to utilize FMLA leave to manage and obtain treatment for her condition.

20. Plaintiff applied and was approved for intermittent FMLA.

21. Over the next couple of months, Plaintiff would use intermittent FMLA to adjust her work schedule so that she could manage her disability.

22. While utilizing intermittent FMLA, Plaintiff remained a top performer.

23. However, her supervisors began making comments to Plaintiff that FMLA

"does not help her" and that she "would not be promoted" because she was using FMLA.

24. In spring and summer of 2017, Plaintiff was applied for and was passed up for promotions because of her disability and use of FMLA.

25. Defendants promoted less qualified employees to the positions that Plaintiff had applied for.

26. In or about August of 2017, Plaintiff was transferred to a different supervisor's team because her current supervisor did not want an employee on FMLA on her team.

27. In or about August of 2017, Plaintiff was informed by her new supervisor that she needed to be at work to be promoted and that utilizing FMLA would not help her be promoted.

28. On or about November 27, 2017, Plaintiff informed Defendants that she would soon be taking short term disability leave to receive more intensive treatment for her medical condition.

29. Immediately thereafter, Plaintiff's Supervisor began to question Plaintiff about 3 days of absence in November for which it did not show that she used FMLA. Plaintiff's Supervisor stated that if she did not clear up this issue that Plaintiff would not be eligible for Winner's Circle.

30. During the days in question Plaintiff was hospitalized because of her disability.

31. Plaintiff was able to explain these absences to her Supervisor before she went on disability leave on December 6, 2017.

32. From December 6, 2017 through March 7, 2018, Plaintiff was on leave to

receive treatment for her medical condition.

33. While Plaintiff was on leave, Defendants' initiated an audit into Plaintiff's time sheets dating back to August of 2017 when she was transferred to a new team.

34. Prior to returning on March 7, 2018, Plaintiff informed Defendants that she would need a reasonable accommodation to manage her disability and perform the essential functions of her job.

35. Defendants did not attempt to engage in the interactive process with Plaintiff.

36. On March 7, 2018, the first day Plaintiff returned to work, she was terminated by Defendants during a meeting in which she was told that she had to sign a resignation, or she would be terminated on the spot.

37. Upon information and belief, Plaintiff was terminated because of her disability and the use of medical leave to receive treatment.

38. Upon information and belief, Defendants' offered reasoning for terminating Plaintiff was merely pretext for discrimination and retaliation because of Plaintiff's disability and taking FMLA to receive medical treatment for his disability.

39. Despite her diligent efforts, Plaintiff has been unable to secure comparable employment since her employment was unlawfully severed by Defendants.

40. As a result, Plaintiff was damaged in an amount to be proven at trial.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE ADA

41. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if restated herein.

42. The ADA prohibits discrimination against a qualified individual with a disability in regard to terms, conditions and privileges of employment.   42 U.S.C. §

12112(a).

43. Plaintiff has an impairment that substantially limits a major life activity.

44. Plaintiff suffers from a disability which is a disability as defined by the ADA.

45. Defendants are an employer under the ADA.

46. Defendants knew of Plaintiff's disability.

47. Plaintiff is qualified to perform the essential functions of her position with or without a reasonable accommodation.

48. Defendants discriminated and retaliated against Plaintiff by terminating her due to her disabilities

49. Defendant treated Plaintiff disparately as compared to other similar situated non-disabled employees because of her disability.

50. Plaintiff's disability was at the very least a motivating factor in Defendants' discriminatory conduct.

51. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, termination of employment.

52. As a result, Plaintiff was harmed in an amount to be proven at trial.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADA

53. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if restated herein.

54. The ADA prohibits discrimination against any individual because such individual engaged in protected activity under the ADA. *See* 42 U.S.C. § 12203(a).

55. Plaintiff engaged in protected activity by requesting reasonable

accommodations and taking medical leave to treat for her condition.

56. Defendants retaliated against Plaintiff by terminating her due to her disability.

57. Plaintiff's disability was at the very least a motivating factor in Defendants' retaliatory conduct.

58. Plaintiff was subjected to an adverse term of employment including termination.

59. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, termination of employment.

60. As a result, Plaintiff was harmed in an amount to be proven at trial.

## COUNT III
## INTERFERENCE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

61. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

62. It is unlawful for an employer to interfere with, restrain, or deny the exercise of any right under the FMLA 29 U.S.C. § 2615.

63. Defendants employ more than 50 employees and as such, are an employer for purposes of FMLA, subject to FMLA requirements.

64. Plaintiff was an "eligible employee" entitled to take leave pursuant to the FMLA.

65. Plaintiff has a "serious health condition" as defined by the FMLA and was incapacitated as a result of that condition.

66. Plaintiff provided sufficient notice of her need to take leave under the FMLA.

67. Defendants interfered with Plaintiff's medical leave by denying her promotions, removing her from her pre-FMLA leave position and terminating her employment.

68. Defendants terminated Plaintiff as a result of her requests and necessity for FMLA leave.

69. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, termination of her employment.

Plaintiff is entitled to recover damages against Defendants in an amount to be proven at trial.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FMLA

70. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

71. Defendants employ more than 50 employees and as such, are an employer for purposes of the FMLA, subject to FMLA requirements.

72. Plaintiff was an "eligible employee" and entitled to take leave pursuant to the FMLA.

73. Plaintiff has a "serious health condition" as defined by the FMLA and was incapacitated as a result of that condition.

74. Plaintiff exercised her rights under the FMLA.

75. Defendants discriminated and retaliated against Plaintiff by, *inter alia*, terminating her due to her taking leave pursuant to the FMLA.

76. As a direct, intentional, and willful consequence of such illegal conduct,

Plaintiff suffered adverse employment actions including, *inter alia*, termination of employment.

77. Plaintiff is entitled to recover damages against Defendants in an amount to be proven at trial.

## COUNT V
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ACRA

78. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if restated herein.

79. The Arizona Civil Rights Act, A.R.S. §41-1463(B)(1)(2), prohibits employers from unlawfully discriminating against an employee on the basis of his or her disability.

80. Plaintiff was a disabled person within the meaning of the ACRA.

81. Plaintiff has an impairment that substantially limits one or more of the major life activities.

82. Defendants were an employer within the meaning of the ACRA.

83. Defendants knew of Plaintiff's disability or regarded her as having such a disability.

84. Plaintiff was objectively qualified to perform the essential functions of the job with or without a reasonable accommodation.

85. Defendants discriminated and retaliated against Plaintiff by failing to promote her and terminating her due to her disabilities

86. Plaintiff's disability was at the very least a motivating factor in Defendants' discriminatory conduct.

87. As a result, Plaintiff was harmed in an amount to be proven at trial.

## COUNT V
## RETALIATION IN VIOLATION OF THE ACRA

88. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if restated herein.

89. The Arizona Civil Rights Act, A.R.S. §41-1464(A) prohibits retaliation against an employee who opposes a practice forbidden by the ACRA.

90. Plaintiff engaged in protected conduct when she requested a reasonable accommodation and took medical leave.

91. Because she engaged in protected activity, Plaintiff was subjected to adverse employment actions including, *inter alia*, termination.

92. As a result, Plaintiff was harmed in an amount to be proven at trial.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court order such relief as is necessary to make her whole, including, without limitation:

A. Declaring the acts and practices complained of herein are in violation of the ADA, FMLA and the ACRA;

B. An award of damages for all counts in an amount to be proven at trial;

C. An award of compensatory and punitive damages in an amount to be proven at trial;

D. An award of back pay and front pay (deferring to Title VII remedial structure allowing award of back pay and other equitable relief (*see* 42 U.S.C. § 2000e-5(g)(1));

E. Pre- and post-judgment interest;

F. Reasonable attorneys' fees, costs and other expenses; and

G.   Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.


RESPECTFULLY SUBMITTED on January 11, 2019.

                **ZOLDAN LAW GROUP, PLLC**

By: /s/ James Weiler
     14500 N. Northsight Blvd., Suite 133
     Scottsdale, AZ 85260
     Attorneys for Plaintiff Saquitta Hilliard